ANDRÉ BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
   Room 7211 Federal Building
   300 North Los Angeles Street
   Los Angeles, CA 90012
   Telephone: (213) 894-6165
   Facsimile: (213) 894-0115
   Email: Daniel.Layton@usdoj.gov

Attorneys for Petitioner
United States of America

FILED

2012 MAY -2  PH 12: 05

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:12-CV-681-CJC (ANx) |
|    Petitioner, | PETITION TO ENFORCE |
| | INTERNAL REVENUE SERVICE |
|    vs. | SUMMONS; MEMORANDUM OF POINTS |
| | AND AUTHORITIES; AND |
| JEFFREY S. BENICE, | DECLARATION IN SUPPORT THEREOF |
| | (Redacted under L.R. 75-5.4) |
|    Respondent. | |

Petitioner alleges and petitions as follows:

   1.   This proceeding is brought pursuant to 26 U.S.C. §§
7402(b) and 7604(a) to judicially enforce an Internal Revenue
Service ("IRS") summons and jurisdiction over this matter is
conferred upon this Court by 28 U.S.C. §§ 1340 and 1345. The
IRS has properly served Respondent with a summons, and
Respondent has failed to produce the requested documents and to
appear and give testimony.

2.    Respondent, the summoned person, resides or conducts business (or both) within the boundaries of the federal judicial district of the Central District of California.

3.    The Internal Revenue Service is, and at all relevant times was, conducting an investigation regarding the federal tax liabilities for the taxpayer and the periods or years described on the summons.  A true and correct copy of the summons is attached as Exhibit 1 to the attached Declaration in support of this petition, at page 1 of that exhibit.

4.    In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service for the summons. A true and correct copy of the Certificate of Service is attached at page 2 of Exhibit 1 to the attached Declaration.

5.    Respondent failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6.    The IRS is not in possession or control of the books, records, papers, and other data sought by the IRS summons.

7.    All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the IRS summons have been taken.

8.    The testimony and books, records, papers, and other data sought by the IRS summons may be relevant to the IRS's investigation.

9.    The IRS has not recommended criminal prosecution of the taxpayer to the United States Department of Justice.   In

addition, no Department of Justice referral, within the meaning of 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer for the periods under investigation in relation to the summons.

**WHEREFORE**, the United States respectfully requests the Court to enforce the IRS administrative summons as follows:

A.   Respondent be ordered to appear before this Court and show cause why Respondent should not be compelled to appear and to give testimony and to produce the books, records, papers, and other data as required by the IRS summons;

B.   That Respondent be ordered by this Court to appear before an authorized representative of the Internal Revenue Service at a time and place to be determined by the Internal Revenue Service to give testimony and produce the books, records, papers, and other data as specified in the IRS summons; and

C.   That the Court grant the United States its costs in this proceeding and such other and further relief as may be just and proper.

Respectfully Submitted,

ANDRÉ BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

Date: 4/30/2012

DANIEL LAYTON
Assistant United States Attorney
Attorneys for the United States of America

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness
> of any return, making a return where none has been
> made, determining the liability of any person for any
> internal revenue tax or the liability at law or in
> equity of any transferee or fiduciary of any person in
> respect of any internal revenue tax, or collecting any
> such liability, the Secretary is authorized --
>
> (1)  To examine any books, papers, records, or
> other data which may be relevant or material to such
> inquiry;
>
> (2)  To summon the person liable for tax or
> required to perform the act, or any officer or
> employee of such person, or any person having
> possession, custody, or care of books of account
> containing entries relating to the business of the
> person liable for tax or required to perform the act,
> or any other person the Secretary may deem proper, to
> appear before the Secretary at a time and place named
> in the summons and to produce such books, papers,
> records, or other data, and to give such testimony,
> under oath, as may be relevant or material to such

inquiry; and

(3)   To take such testimony of the person concerned, under

oath, as may be relevant or material to such inquiry.

See also Crystal v. United States, 172 F.3d 1141, 1143-44

(9th Cir. 1999).

Internal Revenue Code Sections 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses.   See also United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993).   An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" United States v. Church of Scientology of California, 520 F.2d 818, 821 (9th Cir. 1975) (quoting Donaldson v. United States, 400 U.S. 517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process.   United States v. Powell, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964). Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer. Id., 379 U.S. at 58; United States v. Stuart, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989).   Accordingly, to obtain enforcement of an IRS summons, the government is required to make a prima facie case for enforcement of the summons.   Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

In order to establish a *prima facie* case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. <u>Crystal</u>, 172 F.3d at 1143-44, citing <u>Powell</u>, 379 U.S. at 57-58. The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" <u>Crystal</u>, 172 F.3d at 1144 (quoting <u>Liberty Financial Services v. United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made its *prima facie* case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" <u>Crystal</u>, 172 F.3d at 1144.

Normally, the government makes the "good faith" showing of materiality and relevancy required by <u>Powell</u> in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. <u>See Crystal</u>, 172 F.3d at 1144 (quoting <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993)).

As to the required showing of relevance, the Supreme Court stated in <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984):

As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding

whether to admit evidence in federal court.  *Cf*. Fed. Rule Evid.
401.  The language "may be" reflects Congress' express intention
to allow the IRS to obtain items of even <u>potential</u> relevance to
an ongoing investigation without reference to its admissibility.
The purpose of Congress is obvious: the Service can hardly be
expected to know whether such data will in fact be relevant
until it is procured and scrutinized.  As a tool of discovery,
the § 7602 summons is critical to the investigation and
enforcement functions of the IRS, see <u>United States v. Powell</u>,
379 U.S. 48, 57 (1964); the Service therefore should not be
required to establish that the documents it seeks are actually
relevant in any technical, evidentiary sense.
(emphasis in original).

   "Once the Government has established its *prima facie* case,
the district court issues an order requiring the party on whom
the summons has been served to show cause, at an enforcement
hearing, why compliance with the summons should not be required."
<u>United States v. Samuels, Kramer and Co.</u>, 712 F.2d 1342, 1345
(9th Cir. 1983).  The burden of proof is shifted to the person
challenging the summons to "refute the Government's <u>Powell</u>
showing of good faith to oppose successfully the enforcement of
an IRS summons."  <u>Id.</u> at 1346; see also <u>Crystal</u>, 172 F.3d at
1144.  "The taxpayer may challenge and attempt to rebut the *prima
facie* case of good faith the government has established or
attempt to show that enforcement of the summons would otherwise
constitute an abuse of process."  <u>Gilleran</u>, 992 F.2d at 233;
see also <u>Crystal</u>, 172 F.2d at 1144.  "The taxpayer, however,
carries a heavy burden of convincing the district court to deny

enforcement." Stuckey, 646 F.2d at 1372; accord Crystal, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" Derr, 968 F.2d at 945, quoting Stuart, 489 U.S. at 369, quoting S. Rep. No. 97-494, 97th Cong. 2d Sess., vol. 1, 285 (1982); see also, Church of Scientology, 520 F.2d at 821./ "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)) and Liberty Financial Services, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." Stuckey, 646 F.2d at 1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374.

In Donaldson, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings. In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the

8

district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. See, e.g,. Liberty Financial Services, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Derr, 968 F.2d at 945; accord Crystal, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." Jose, 131 F.3d at 1328-29.

## Conclusion

Accordingly, the filing of the petition to enforce IRS summons and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons. As attested to in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation to determine the tax liabilities of the taxpayer, collect those liabilities, or both, for the tax periods identified in the summons; the information sought by the summons may be relevant to that purpose; the IRS does not already have possession of the information sought; and the administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed.  The Court should now issue an order directing Respondent to show cause why the IRS summons should not be enforced.

If Respondent fails to respond to or rebut the government's

1  *prima facie* case for enforcement, then the Court should later

2  issue an order enforcing the IRS summons and compelling

3  Respondent to appear before an authorized representative of the

4  IRS at a time and place to be determined by the IRS, and give

5  testimony and produce the books, records, papers, and other data

6  for examination and copying as required by the Internal Revenue

7  Service summons.

8

9                        Respectfully Submitted,

10                       ANDRÉ BIROTTE, JR.
                         United States Attorney
11                       SANDRA R. BROWN
                         Assistant United States Attorney
12                       Chief, Tax Division

13  Date: 4/30/2012

14                       _____
                         DANIEL LAYTON
15                       Assistant United States Attorney
                         Attorneys for the United States of
16                       America

17

18

19

20

21

22

23

24

25

26

27

28

                              10

## DECLARATION IN SUPPORT OF PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS
### Summoned Party: Jeffrey Benice
### Taxpayer: Jeffrey Benice

I, S. Johnson, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.   I am over eighteen years of age, and I am not a party in the government's federal court case to enforce the subject summons.

2.   My name as used and signed in the subject summons and this declaration is not a pseudonym.

3.   I am employed as a Revenue Officer in the California Area, San Bernardino Territory, Small Business/Self-Employed Division, of the Internal Revenue Service ("IRS").  I am authorized to issue IRS summons under the authority of § 7602 of the Internal Revenue Code of 1986, 26 U.S.C. ("IRC" and "the Code").  *See* Treasury Regulations, § 301.7602-1, 26 C.F.R.; IRS Delegation Order No. 4 (as revised).

4.   As a revenue officer, my duties include the collection and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required tax returns are not filed, I also assist the IRS in investigating whether such tax returns should have been filed and determining the taxpayer's correct tax liability.

5.   In my capacity as a Revenue Officer, I have been conducting

-1-

1  an investigation into the collection of federal tax liabilities

2  of Jeffrey Benice (the "taxpayer," "summoned party," and

3  "Respondent") for the taxable and quarterly periods years ended

4  December 31, 2003, December 31, 2004, December 31, 2005,

5  December 31, 2006, December 31, 2007, and December 31, 2008,

6  also referred to as the calendar years/quarterly periods ended

7  2003, 2004, 2005, 2006, 2007, and 2008 and as the tax

8  years/quarterly periods ended 2003, 2004, 2005, 2006, 2007, and

9  2008 ("subject taxable periods" and "subject tax periods").

10  6.   The purpose of the investigation is the determination and

11  collection of the correct federal tax liabilities of Jeffrey

12  Benice.

13  7.   As of the date of this declaration, I have not made any of

14  the final determinations referred to in the immediately

15  preceding paragraph.

16  8.   On August 2, 2011, in furtherance of the above-referenced

17  investigation and in accordance with IRC § 7602, I issued for

18  tax years tax years/quarterly periods ended 2003, 2004, 2005,

19  2006, 2007, and 2008, a Collection Information Statement

20  summons, IRS Form 6637, to Jeffrey Benice, to appear on

21  September 2, 2011, before the IRS to give testimony and to

22  produce for examination documents, records, and other

23  information as described in the IRS summons.  A copy of the

24  summons is attached hereto as Exhibit 1.

25  9.   On August 2, 2011, I served an attested duplicate original

26  copy of the IRS summons described in the immediately preceding

27  paragraph on Jeffrey Benice, which I accomplished by leaving the

28  attested duplicate original copy of the summons in a sealed

-2-

1  envelope, addressed to the summoned party, at the last and usual
2  place of abode of the summoned party.  A copy of a certificate
3  of service with respect to the summons is attached hereto as
4  page 2 of Exhibit 1.
5  10.   On September 2, 2011, the summoned party failed to appear
6  before the IRS in response to the summons, although the summons
7  directed the summoned party to so appear before the IRS.
8  11.   On November 15, 2011, the Office of Chief Counsel of the
9  IRS mailed the summoned party and his Power-of-Attorney, Robert
10  Somerville, a "last chance letter", directing Jeffrey Benice,
11  the summoned party, to appear before me on December 1, 2011 and
12  to produce the books, records and documents called for in the
13  summons.  A copy of the "last chance letter" is attached hereto
14  as Exhibit 3.
15  12. The summoned party has filed to comply with the summons
16  issued to him for tax years/quarterly periods ended 2003, 2004,
17  2005, 2006, 2007, and 2008 as of the date of this declaration.
18  13.   I have had no personal contact with the summoned party
19  regarding this summons.
20  14.   All administrative steps required by the Internal Revenue
21  Code in connection with the issuance and service of the IRS
22  summons have been taken.
23  15.   The documents, records, and other information sought by the
24  IRS summons are not already in the possession of the IRS.
25  16.   The testimony and the documents, records, and other
26  information demanded by the IRS summons are necessary for the
27  determination and collection of the correct federal income tax
28  liabilities of Jeffrey Benice for the subject tax periods.

1   17.   No recommendation for criminal prosecution of the taxpayer

2   has been made by the IRS to the United States Department of

3   Justice.   In addition, no Department of Justice referral, as

4   described in IRC § 7602(d), is in effect with respect to the

5   taxpayer.

6        I declare under penalty of perjury that the foregoing is

7   true and correct.

8   DATED: _12-12-11_____    _D. Johnson_____

9                                    S. Johnson
                                     Revenue Officer
10                                   Internal Revenue Service

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# Summons

## Collection Information Statement

**In the matter of**  Jeff S Benice/650 Town Center Dr., Costa Mesa, CA 92626

**Internal Revenue Service** *(Identify Division)*  Small Business / Self Employed

**Industry/Area** *(Identify by number or name)*  Small Business / Self Employed - Area 27

**Periods:**  See Attachment 1 to Summons Form 6637 for Period Information

### The Commissioner of Internal Revenue

**To:**  Jeffery S. Benice

**At:**  ▉▉▉▉▉▉▉▉, Ladera Ranch, CA 92694

You are hereby summoned and required to appear before S. JOHNSON, an Internal Revenue Service *(IRS)* officer, and/or his or her designee, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From 08/01/2010  To Present

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.  We have attached a blank statement to guide you in producing the necessary documents and records.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

290 N D ST, SAN BERNARDINO, CA 92401-1734 - (909)388-8401

**Place and time for appearance: At**  290 N D ST, SAN BERNARDINO, CA 92401-1734

# IRS

Department of the Treasury
**Internal Revenue Service**
**www.irs.gov**
Form 6637 (Rev.10-2006)
Catalog Number 25000Q

on the  2  day of  September ,  2011  at  10:00  o'clock  A  m.

Issued under authority of the Internal Revenue Code this  2   day of  August         ,  2011

S. JOHNSON
*Signature of issuing officer*

REVENUE OFFICER
*Title*

*Signature of approving officer (if applicable)*

*Title*

EX. 1 p. 1

**Original -- to be kept by IRS**



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

**I certify that I served the summons shown on the front of this form on:**

| Date | Time |
|------|------|
| 8/2/11 | 1:30 |

**How** ☐  I handed an attested copy of the summons to the person to whom it was directed.

**Summons**

**Was** ☒  I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*.

**Served**

| Signature | Title |
|-----------|-------|
| *[signature]* | Revenue Officer |

**I certify that the copy of the summons served contained the required certification.**

| Signature | Title |
|-----------|-------|
| *[signature]* | Revenue Officer |

Catalog No. 25000Q                    Form **6637** (Rev. 10-2006)

Ex. 1, p.2

**Attachment 1 to Summons Form 637**

In the matter of  **Jeff S Benice** _____


Period information:  Calendar year and Quarterly periods ending December 31, 2003; Deember 31, 2004; December 31, 2005; December 31, 2006; December 31, 2007; December 31, 2008

# EXHIBIT 3



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**OFFICE OF CHIEF COUNSEL**
**SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL**
**24000 AVILA ROAD, SUITE 4404**
**MAIL STOP 8800**
**LAGUNA NIGUEL, CA 92677**
**(949) 360-2681**
**FAX (949) 360-2675**

NOV 1 5 2011

CC:SB:8:LN:3:GL-144195-11
REKezelman

Jeffrey Benice
████████████████████
Ladera Ranch, CA 92626

Dear Mr. Benice:

The Area Director of Internal Revenue has notified our office that you did not comply with the provisions of the summons served on you on August 2, 2011.  Under the terms of the summons, you were required to appear before Revenue Officer S. Johnson on September 2, 2011.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons.  To avoid such proceedings, you are to appear before Revenue Officer:

          Name: S. Johnson
          Date: December 1, 2011
          Time: 10:00 AM
       Address: 290 N. D Street
                San Bernardino, CA 92401-1734


Any books, records or other documents called for in the summons should be produced at that time.  If you have any questions, please contact Revenue Officer Johnson at (909) 388-8401.

Sincerely,

*Willis B. Douglass*

WILLIS B. DOUGLASS
Associate Area Counsel
(Small Business/Self-Employed)
T.C. Bar No. DW0386


Cc: S. Johnson, Revenue Officer, San Bernardino

Cc: Robert Somerville
    P.O. Box 9547
    Brea, CA 92822

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 681 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | JEFFREY S. BENICE |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| United States Attorney Office, DANIEL LAYTON, AUSA<br>300 N. Los Angeles St., Room 7211, Los Angeles, CA 90012<br>Tel: (213) 894-6165  Fax: (213) 894-0115 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. SECTIONS 7402(b) and 7604(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: _____  8:12-CV-1681

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, San Bernardino County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 05/1/2012

   Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |